# LAW OFFICES OF

## O'KEKE & ASSOCIATES, P.C.

801 FRANKLIN AVENUE.
BROOKLYN NY, 11238
PHONE: (718) 855-9595
Attorneys for plaintiff

```
-----------------------------------X-----------------------------
KEVIN THOMPSON,                    :UNITED STATES DISTRICT COURT
              Plaintiff,           :EASTERN DISTRICT OF NEW YORK
                                   :
                                   :  CASE No.:12-cv-3238
     against                       :
                                   :  CIVIL ACTION
                                   :
THE CITY OF NEW YORK,              :   AMENDED COMPLAINT
DET. JOSEPH HICKEY (SHIELD #04177),:
DET. ANTHONY CAROZZA,              :
P.O. PETER BOVRUHKOV,              :
"JOHN DOE" AND "JANE DOE"          :
1'through'6 inclusive,             :   PLAINTIFF DEMANDS
the names of the last defendants   :   TRIAL BY JURY
being fictitious, the true names   :
of the defendants being unknown    :   (RDJ) (VMS)
to the plaintiff.                  :
              Defendant(s).        :
-----------------------------------X-----------------------------
```

TAKE NOTICE, the Plaintiff, MR. KEVIN THOMPSON, hereby appears in this action by his attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon him, at the address below, in this matter.

Plaintiff, MR. KEVIN THOMPSON, by his attorneys, O'keke & Associates, P.C., complaining of the defendants, The City of New York, The New York City Police Department, Detective, Joseph Hickey (Shield #04177), Detective, Anthony Carozza, Police Officer, Peter Bovruhkov  "John Doe" and "Jane Doe" 1'through'6 collectively referred to as the Defendants, upon information and belief alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.  This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute,

ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2.    This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3.    The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4.    All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5.    As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6.    Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

Kevin Thompson/Amended Complaint.                                      **Page 2**

7.  Defendants, Detective, Joseph Hickey (Shield #04177), Detective, Anthony Carozza, Police Officer, Peter Bovruhkov are Police Officers with the City of New York; and Defendants "John Doe" and "Jane Doe" 1'through'7 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

8.  The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.  On or about February 18, 2010, at approximately 5:00PM, defendants, Detective, Joseph Hickey (Shield #04177), Detective, Anthony Carozza, Police Officer, Peter Bovruhkov employed with the New York City Police Department and assigned to the 77th Precinct, with or without the assistance of other defendant officers, without probable cause and/or justification, arrested the plaintiff at or around Utica Avenue, in the Brooklyn, New York in the County of Kings and falsely charged plaintiff with PL 140.25 'Burglary in the Second  Degree' and PL 155.30 'Grand Larceny in the Fourth Degree'

10. Prior to effecting the illegal arrest against the plaintiff, plaintiff was walking down Lincoln Place in Brooklyn, New York when he was approached by a Police car. One of defendant officers came out of the car and asked plaintiff for identification which plaintiff provided. Then the officer placed plaintiff under arrest. Plaintiff was handcuffed placed in the police vehicle and driven to the NYPD 77th Precinct. That upon arrival at the precinct, the plaintiff was pedigreed and placed in an interview room, where one of the defendant officers asked plaintiff if plaintiff had been "Upstate" before, to which plaintiff responded in the affirmative. Thereafter, the same officer inquired if plaintiff owned a black hat, to which plaintiff responded that he had owned several hats. The defendant officer then left the interview room and plaintiff was placed in a holding cell for several hours with no information, food, drink or access to a restroom. After several more hours in the precinct, Plaintiff was

Kevin Thompson/Amended Complaint.                    **Page 3**

transported to the Central Booking Division of the Kings County Criminal Court where he was placed in a holding pen for several more hours with numerous other arrestees. Again no food or drink was provided to the plaintiff. After being held for several hours, plaintiff was brought before a judge and charged with Burglary in the Second Degree amongst other charges. Plaintiff was remanded to the NYC Correctional facility located at Rikers Island, where plaintiff remained incarcerated for approximately twenty-two months until December 7, 2011 when Plaintiff was acquitted of all charges after trial.

11.   The defendants knew or should have known that the plaintiff had committed no crime against the State of New York, and yet they proceed to violating plaintiff's civil rights.

12.   That the plaintiff was arrested and detained unlawfully without and just cause.

13.   That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed by the plaintiff, they still proceeded to arrest, charge, and incarcerate plaintiff just to intimidate plaintiff.

14.   That at no time during the arrest or during the minimal interrogation that occurred was plaintiff read his Miranda rights.

15.   After appearing before a criminal court judge on numerous occasions, plaintiff was acquitted of all charges on or about December 7, 2011.

16.   At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiff commit any crime in violation of the laws of New York State, or commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the police.

17.   As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, migraines, severe headaches, and unwarranted severe anger bouts some or all of which may be permanent.

18.   The unlawful arrest of plaintiff, plaintiff's wrongful

imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

19. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, emotional distress, nightmares, migraines, severe headaches, and unwarranted severe anger bouts, some or all of which may be permanent.

20. As a direct and proximate result of his unlawful detention, confinement, Plaintiff has lived in terror of his attack, he continues to suffer from nightmares, is fearful of going outside and when he sees the police, he suffers various emotional attacks, in addition, he has been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

21. As a direct and proximate result of defendant's actions, plaintiff was arrested and detained without just or probable cause.

22. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

23. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

24. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

25. The actions of defendants, acting under color of State law,

deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

26. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

27. Plaintiff continues to suffer physically and emotionally due to the actions of the defendants.

28. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based and at least thirty days have elapsed since the service of a notice of claim and that adjustment or payment thereof by the defendant has been neglected.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against Defendants Officers

29. Plaintiff hereby restates paragraphs 1-28 of this complaint, as though fully set forth below

30. By detaining and imprisoning the plaintiff without justification, probable cause or reasonable suspicion, the Defendants' Officers, deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

31. In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

32. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD

Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

33.  As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

34.  Plaintiff hereby restates paragraph 1-33 of this complaint, as though fully set forth below

35.  By detaining and imprisoning the plaintiff without probable cause or reasonable suspicion, the Officers Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

36.  In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

37.  The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

38.  Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City, as

employer of each of the Officer Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.


## AS A THIRD CAUSE OF ACTION:


False Arrest and False Imprisonment--all defendants

40. Plaintiff hereby restates paragraph 1-39 of this complaint, as though fully set forth below

41. The Defendants Officers wrongfully and illegally detained, and imprisoned the Plaintiff.

42. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

43. At all relevant times, the Officers Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiff.

44. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

45. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

46. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

47. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

48. The Defendants Officers acted with a knowing, willful,

wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FOURTH CAUSE OF ACTION:

Negligent Infliction of Emotional Distress-all Defendants

50. The Plaintiff hereby restates paragraph 1-49 of this complaint, as though fully set forth below.

51. The Defendants Officers engaged in extreme and outrageous conduct, intentionally, negligently and or recklessly causing severe emotional distress to plaintiff.

52. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

53. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers and security guards, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS FOR A FIFTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York.

55. Plaintiff hereby restates paragraph 1-60 of this Complaint, as though fully set forth below.

Kevin Thompson/Amended Complaint.                                    **Page 9**

56.  Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

57.  Upon information and belief, defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

58.  Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

59.  Upon information and belief, defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.

60.  Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiff incurred significant and lasting injuries.

   **WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1.  On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2.  On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3.  On the Third Cause of Action,  against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4.  On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at

trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5.  On the Sixth Cause of Action, against the City of New York, compensatory damages in an amount to be determined at trial; and

6.  Such other and further relief as this Court may deem necessary in the interest of justice.


Dated:      December 3, 2012
            Brooklyn, New York


                        Respectfully Submitted,


                        /s/ John C. Iwuh
                        _____
                By:     John Iwuh, Esq. [JI-2361] **Of Counsel**
                        801 Franklin Avenue,
                        Brooklyn, New York 11238
                        Tel. No. :(718) 855-9595
                        Direct Dial: (347) 442-5089

                        Patrick O'keke, Esq.
                        801 Franklin Avenue,
                        Brooklyn, New York 11238
                        Tel. No. :(718) 855-9595

**Civil Case Number:** 12-cv-3238                    Attorney: John C. Iwuh [JI 2361]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK   (RDJ) (VMS)**

---

KEVIN THOMPSON,
                Plaintiff,

    against

THE CITY OF NEW YORK,
DET. JOSEPH HICKEY (SHIELD #04177)
DET. ANTHONY CAROZZA
P.O. PETER BOVRUHKOV
"JOHN DOE" AND "JANE DOE"
1'through'6 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff.
                Defendant(s).

---

## AMENDED SUMMONS & COMPLAINT
## DEMAND JURY TRIAL

---

### O'KEKE & ASSOCIATES, PC.
801 FRANKLIN AVENUE BROOKLYN, NY 11238
PHONE: (718) 855-9595 FAX: (718) 855-9494
DIRECT DIAL: (347) 442-5089
EMAIL:  johnlawoffices@gmail.com

---

To:


Defendants/Attorney(s)For Defendants.

---

Service of a copy of the within is hereby admitted

Dated:_____

Attorney(S) For:_____

---