UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
KEVIN THOMPSON,

                Plaintiff,

- against -

THE CITY OF NEW YORK, DET. JOSEPH
HICKEY, DET. ANTHONY CAROZZA, P.O.,
PETER BORUKHOV, "JOHN DOE" AND
"JANE DOE" 1 'THROUGH' 6 INCLUSIVE,
THE NAMES OF THE LAST DEFENDANTS
BEING FICTITIOUS, THE TRUE NAMES OF
THE DEFENDANTS BEING UNKNOWN TO
THE PLAINTIFF

                Defendants.
---------------------------------------------------------- x

**MEMORANDUM & ORDER**

12 CV 3238 (RJD) (VMS)

DEARIE, District Judge

      Plaintiff Kevin Thompson brings this 42 U.S.C. § 1983 action for false arrest and false imprisonment, malicious prosecution, and related claims against the City of New York and several police officers. Mr. Thompson's claims arise from his February 18, 2010 arrest in Brooklyn for burglary and grand larceny. Officers investigated the burglary and connected Mr. Thompson to the crime through a hat recovered at the scene containing his DNA. Further investigation revealed that his last known address was near the scene and he had a criminal record that included theft-related crimes and a burglary-related crime. Despite this evidence, Mr. Thompson argues that the officers lacked probable cause to arrest or prosecute him. For the reasons below, the Court disagrees and grants defendants' summary judgment motion.

## I. BACKGROUND

      On October 29, 2009, over $3,000 of property was stolen from an apartment at 209 Underhill Avenue in Brooklyn, New York. Defs.' 56.1 Statement ¶ 3. At the scene, officers

recovered a black baseball hat that did not belong to anyone living there. Id. ¶ 4. The hat was sent to the Office of the Chief Medical Examiner ("Office") for DNA analysis, which showed that male DNA was on the hat. Id. ¶¶ 5–6.

On January 15, 2010, further analysis revealed a DNA match with Mr. Thompson. Id. ¶ 11. After reviewing Mr. Thompson's file, officers learned that his last known address was less than three hundred feet away from the victim's apartment and that he had been criminally convicted at least twenty-one times. Of those convictions, three were for robbery-related offenses, six were for larceny-related offenses, three were for theft-related offenses, and one was for a burglary-related offense.[1] Id. ¶ 12; McMahon Decl. Ex. E, ECF No. 27. Officers verified that the victim did not know Mr. Thompson and that he was not allowed in her apartment. On February 18, 2010, defendant Officer Peter Borukhov apprehended Mr. Thompson less than half a mile away from the scene and brought him to the 77th Precinct, where defendant Detective Joseph Hickey arrested him on charges of burglary and grand larceny. Defs.' 56.1 Statement ¶¶ 17–20.

On December 7, 2011, Mr. Thompson was tried and acquitted of all charges. At the trial, the medical examiner testified that the DNA recovered from the hat matched Mr. Thompson's DNA. The expert acknowledged that the analysis indicated "there may have been some [other] potential [DNA] material there." Id. Ex. 6 (Trial Tr.), at 167 (emphasis added). He added that if the potential material were DNA, it would be someone else's. Id. at 168. However, the medical examiner emphasized that the material did not meet the criteria for being designated as DNA.

---

[1] Mr. Thompson correctly notes that he was never convicted for burglary. However, as defendants point out, Mr. Thompson pled guilty to New York Penal Law § 140.15 (Criminal Trespass in the Second Degree), McMahon Decl. Ex. E, at 101, which is a burglary-related offense. See N.Y. Penal Law § 140 (McKinney 2013).

As such, he testified that he could not "say there is anybody else's DNA present in the sample except for Kevin Thompson[']s." Id.

Mr. Thompson alleges that defendants did not have probable cause to arrest or prosecute him and brings a number of claims on that basis. Defendants move for summary judgment.

## II. DISCUSSION

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must show that there is no issue of material fact, and the Court must "view the evidence in the light most favorable to" the non-moving party in determining whether the moving party has met this burden. Marvel Characters, Inc. v. Kirby, 726 F.3d 119, 124 (2d Cir. 2013). However, the non-moving party must tender evidence demonstrating a genuine issue for trial, Salahuddin v. Goord, 467 F.3d 263, 272–73 (2d Cir. 2006), and must offer more than "conclusory allegations or unsubstantiated speculation" to defeat summary judgment. DeFabio v. E. Hampton Union Free Sch. Dist., 623 F.3d 71, 81 (2d Cir. 2010) (quoting Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005)).

### A. False Arrest and False Imprisonment

Under New York law, false arrest and false imprisonment are one and the same. Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991). To establish a cause of action for false arrest, a plaintiff must show that, "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (internal quotation marks omitted). The parties agree that the first three elements are satisfied, so the only issue is whether Mr. Thompson's confinement was otherwise privileged.

3

If officers have probable cause to arrest someone, that person's confinement is privileged. Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006) (citing Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)). Officers have probable cause to arrest if they have "knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Williams v. Town of Greenburgh, 535 F.3d 71, 79 (2d Cir. 2008) (quoting Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007)).

Mr. Thompson argues that the officers did not have probable cause for his arrest because they had not ruled out innocent explanations for why his DNA was on the hat. The innocuous explanation Mr. Thompson advances is "secondary DNA transfer," which involves the possibility of a person's DNA being transferred onto an object without direct contact between the person and the object. However, probable cause is a "practical, nontechnical conception." Brinegar v. United States, 338 U.S. 160, 176 (1949). Moreover, "[o]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Murray v. United Parcel Serv., Inc., 614 F. Supp. 2d 437, 444 (S.D.N.Y. 2009) (Kaplan, J.) (internal quotation marks omitted).

Here, the officers had probable cause to arrest Mr. Thompson. As the Supreme Court has noted, DNA evidence "has an unparalleled ability both to exonerate the wrongly convicted and to identify the guilty." Dist. Attorney's Office for the Third Judicial Dist. v. Osborne, 557 U.S. 52, 55 (2009). In this case, the DNA evidence directly linked Mr. Thompson to the burglary. Even so, the officers took measures to eliminate innocuous explanations for the evidence by verifying that Mr. Thompson was not allowed in the apartment. Their investigation also showed

4

that Mr. Thompson's last known address was less than three hundred feet away from the burglary and that he had a criminal record involving a burglary-related crime.[2] Given this evidence, a reasonable officer could readily conclude that Mr. Thompson had committed the burglary.

**B. Malicious Prosecution**

"Under New York law, '[t]he elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice.'" Savino, 331 F.3d at 72 (alternation in original) (quoting Colon v. City of New York, 60 N.Y.2d 78, 82 (1983)). Whether there was probable cause to prosecute is "evaluated in light of facts known or believed at the time the prosecution is initiated, rather than at the time of arrest." Lovelace v. City of New York, No. 02-CV-5398, 2005 WL 552387, at *2 (E.D.N.Y. Mar. 9, 2005) (Block, J.).

The evidence establishing probable cause for Mr. Thompson's arrest also establishes probable cause for his prosecution. Mr. Thompson makes much of the fact that the DNA analysis indicated potential additional DNA material on the hat, but this is not dispositive. As the medical examiner testified at trial, that potential material did not meet the office's criteria to be considered in the DNA analysis. Therefore, the medical examiner could not "say there is anybody else's DNA present in the sample except for Kevin Thompson[']s." Iwuh Decl. Ex. 6 (Trial Tr.), at 168. This DNA evidence, coupled with the officers' follow-up investigation— which revealed that Mr. Thompson was not authorized to be in the burglarized apartment, had a

---

[2] Although a criminal record cannot, by itself, establish probable cause, it can contribute to such a finding when combined with other incriminating evidence. See Beck v. Ohio, 379 U.S. 89, 97 (1964).

last known address near to the crime, and had a criminal history involving similar crimes—established probable cause to prosecute Mr. Thompson.

Moreover, a grand jury indictment "creates a presumption of probable cause that may only be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" Savino, 331 F.3d at 72 (quoting Colon, 60 N.Y.2d at 83). This Circuit has made clear that "the People maintain broad discretion in presenting their case to the Grand Jury and need not . . . present all of their evidence tending to exculpate the accused." Id. at 75 (quoting People v. Mitchell, 82 N.Y.2d 509, 515 (1993)). The People's failure to mention potential DNA material that could not be scientifically analyzed certainly falls within that discretion.

### III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted.

SO ORDERED.

Dated: Brooklyn, New York

      February 19, 2014

                                              /s/ Judge Raymond J. Dearie

                                              RAYMOND J. DEARIE
                                              United States District Judge